IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RODERICK DAVIS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No.13-450-RGA |
| | : | |
| DAVID PIERCE, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

## MEMORANDUM OPINION

Roderick Davis. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

November 4, 2013
Wilmington, Delaware

---

[1] Warden David Pierce replaced Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

*/s/ Richard G. Andrews*
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Petitioner Roderick Davis' Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1). The State filed a Motion to Dismiss for Lack of Jurisdiction over the Subject Matter, contending that the Petition should be dismissed for being second or successive and also for being time-barred. (D.I. 13). For the reasons discussed, the Court will grant the Motion to Dismiss on the ground that the Petition is barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In January 1987, a Delaware Superior Court jury convicted Petitioner of rape second degree, kidnaping first degree, and assault second degree. (D.I. 13 at 1). Petitioner was sentenced to life imprisonment, plus an additional fifteen years. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentence on April 27, 1988. *Davis v. State*, 1988 WL 44800 (Del. Apr. 27, 1988).

In June 1990, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied on January 20, 1992. *See State v. Davis*, 1992 WL 19929 (Del. Super. Ct. Jan. 20, 1992). The Delaware Supreme Court affirmed that decision. *See Davis v. State*, 1992 WL 151322 (Del. June 15, 1992).

Thereafter, in September 1992, Petitioner filed his first § 2254 application in this Court. *See Davis v. Snyder*, C.A. 92-553-LON. On June 12, 1995, the Court dismissed the application without prejudice due to Petitioner's failure to exhaust state remedies. (D.I. 13-1).

On March 4, 2013, Petitioner filed in the Delaware Superior Court a second Rule 61

1

motion, which the Superior Court summarily dismissed on April 18, 2013. (D.I. 13).

## II. DISCUSSION

On March 14, 2013, Petitioner filed the § 2254 Petition presently pending before this Court. The Petition asserts the following nine grounds for relief with respect to Petitioner's 1987 convictions: (1) Petitioner was denied his Sixth Amendment right to representation under the newly decided Supreme Court decision *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because he was not appointed counsel during his initial Rule 61 proceeding; (2) Petitioner was denied his speedy trial rights; (3) there was insufficient evidence to support Petitioner's conviction for second degree rape; (4) there was insufficient evidence to support Petitioner's conviction for kidnaping; (5) the trial court abused its discretion by appointing a second public defender to represent Petitioner after his conflict with the first public defender; (6) defense counsel provided ineffective assistance; (7) defense counsel failed to subpoena or secure a witness who would have testified in defense of Petitioner; (8) a conspiracy existed between the trial judge, the prosecutor, and defense counsel; and (9) the trial court failed to provide proper jury instructions regarding the kidnaping charge. (D.I. 1).

The State filed a Motion for Leave to File a Motion to Dismiss in lieu of an Answer (D.I. 11), asserting that the Court lacks subject matter over the Petition because it is second or successive and also because it is time-barred. The Court granted the State's Motion for Leave, and the Motion to Dismiss (D.I. 14) was docketed. Petitioner filed a Motion in Opposition to the Motion to Dismiss (D.I. 14), and a Motion for Leave to File the Motion in Opposition. (D.I. 15). The two "motions" assert that Petitioner is entitled to a later filing date under § 2244(d)(1)(C) because the Petition includes arguments based on the new Supreme Court

2

decision *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). Although titled as "motions," the Court views these two documents as "responses" to the State's contention that the Petition is time-barred.

### A. Second or Successive Bar

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive motion under 28 U.S.C. § 2254 without first seeking and receiving approval from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b). Absent such authorization, a district court lacks jurisdiction to consider the merits of a subsequent § 2254 motion. *See* 28 U.S.C. § 2244(b)(4); *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Here, the State correctly asserts that instant Petition is Petitioner's second request for federal habeas relief for numerical purposes. However, because Petitioner's first habeas petition was dismissed without prejudice for failure to exhaust state remedies, the instant Petition does not constitute an unauthorized second or successive petition for § 2244 purposes. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998). Accordingly, the Court will not dismiss the Petition for being second or successive.

### B. Statute of Limitations

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner contends that he is eligible for a later filing deadline[2] under § 2244(d)(1)(C) because *Martinez* announced a new rule of constitutional law that is retroactively applicable to his case. (D.I. 1 at 18; D.I. 14; D.I. 15). This argument is unavailing. In *Martinez,* the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 1320. Significantly, *Martinez* did not recognize or create an automatic constitutional right to counsel in collateral proceedings, nor did it make any constitutional right retroactively applicable to cases on collateral review. *See Martinez*, 132 S.Ct. at 1319. Thus, the Court concludes that *Martinez* does not create an alternate starting date for AEDPA's one-year limitations period under § 2244(d)(1)(C).

In turn, Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B) or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

---

[2] Presumably, March 20, 2013, which is one year after the date on which *Martinez v. Ryan* was decided.

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Petitioner's judgment of conviction became final on July 26, 1988, ninety days after the Delaware Supreme Court affirmed Petitioner's convictions and sentence on April 27, 1988. However, because Petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, Petitioner actually had a one-year grace period, or until April 23, 1997, to timely file a habeas petition.[3] *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Petitioner did not file the instant Petition until March 14, 2013,[4] approximate sixteen years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones*, 195 F.3d at 158. The Court will discuss each doctrine in turn.

**1. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of

---

[3]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas v. Horn*, 359 F.3d 257, 261 n.5 (3d Cir. 2004)(citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, the one-day difference is immaterial.

[4]Pursuant to the prison mailbox rule, the Court adopts the date on the Petition (March 14, 2013) as the date of filing. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003).

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). Here, Petitioner's first Rule 61 motion was filed and dismissed prior to expiration of the limitations period on April 23, 1997, and his second Rule 61 motion was filed sixteen years after that same date. Thus, neither of his Rule 61 motions has any statutory tolling effect.

### 2. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*

Petitioner does not allege, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the Petition. To the extent Petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Additionally, Petitioner cannot demonstrate that he exercised the level of diligence in pursuing relief that is necessary to warrant equitable tolling, because he filed the instant Petition approximately eighteen years after the dismissal of his first petition, and approximately sixteen years after the expiration of the extended limitations period. Finally, to the extent Petitioner's *Martinez* argument should be construed as asserting a basis for equitable tolling, the argument is unavailing. By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's

limitations period. For these reasons, the Court concludes that the equitable tolling doctrine does not apply in this case. *See Clark v. Ricci*, 2013 WL 5817655, *4 (D.N.J. Oct. 29, 2013) (citing multiple cases).

Accordingly, the Court will grant the State's Motion to Dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court concludes that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is time-barred. Therefore, the State's Motion to Dismiss for Lack of Jurisdiction over the Subject Matter is granted, and the Petition is denied. An appropriate Order will be entered.